IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-118-ALM-KPJ |
| AKEIL WILLIAMS | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on March 6, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Mr. Peter Barrett. The Government was represented by Assistant United States Attorney Wes Wynne.

On January 4, 2022, United States District Judge Terry R. Means sentenced Defendant to a term of twelve (12) months and one (1) day of imprisonment followed by three (3) years of supervised release. *See* Dkts. 1-3 at 1–2; 4 at 1. On November 30, 2022, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 4 at 1.

On November 7, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 4), alleging Defendant violated five conditions of his supervised release. *Id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not possess a firearm, destructive device, or other dangerous weapon; (3) Defendant shall notify the Probation Officer at least ten days before changing where he works; if notifying the Probation Officer in advance is not possible due to unanticipated circumstances,

Defendant shall notify the Probation Officer within seventy-two hours of becoming aware of a change or expected change; (4) Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (5) Defendant shall make monthly payments of restitution at the rate of at least $100 per month. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On October 22, 2023, Defendant was arrested by the Dallas Police Department for the offenses of Unlawful Possession of a Firearm by a Felon in violation of Texas Penal Code § 46.04; and Failure to Identify – Giving False/Fictitious Information in violation of Texas Penal Code § 38.02(c)(2). Defendant was booked in the Dallas County Jail and was released on bond on October 23, 2023. The charges are currently pending in Dallas County.

According to the offense report, the arresting officers observed Defendant running down the street with a silver handgun in his right hand. The officers confronted Defendant with their service weapons drawn and placed him under arrest. Defendant was found to be in possession of a Smith and Wesson SD 40E with Serial # FDU0163. When questioned, Defendant told the officers his name was "Michael Johnson." After the officers were unable to identify the subject through an NCIC query, they asked for his real name, and he stated his name was Akeil Williams.

On January 22, 2023, the Probation Office was notified that Defendant was being investigated by the Cedar Hill Police Department for the offense of Theft of Property. According to the police report, Defendant stole from his employer, Traffic Highway Maintenance LLC, by using a company gas card to purchase fuel for his personal use. According to Detective Soto with the Cedar Hill Police Department, the employer offered Defendant the opportunity to repay the stolen amount with no charges being filed. Although Defendant was not charged, he did admit to stealing from his employer.

(2) Defendant possessed a firearm as evidenced by his arrest for Unlawful Possession of a Firearm by a Felon on October 22, 2023.

(3) Defendant failed to notify the Probation Officer that he was fired from his job at Traffic Highway Maintenance after stealing from the company.

(4) Defendant failed to notify the Probation Officer that he had been questioned by a detective with the Cedar Hill Police Department regarding the theft from his employer.

(5) Defendant failed to make payments toward his court-ordered restitution for the months of January, March, April, May, and July 2023. Defendant has an outstanding balance of $5,246.40.

On March 6, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for March 6, 2024. Defendant entered a plea of true to allegations three through five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 12. The Government moved to withdraw allegations one and two, which the Court granted. *See* Minute Entry for March 6, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 6, 2024 hearing, the Court recommends Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, to be served consecutively to any other term of imprisonment, with twenty-four (24) months of supervised release to follow. The Court further recommends that Defendant be placed under the same conditions as those under which he was originally released, as well as the following new special conditions:

(1) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless payment of any financial obligation ordered by the Court has been paid in full.

(2) Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

(3) Defendant shall provide the Probation Officer with access to any requested financial information for the purposes of monitoring fine/restitution payments and employment.

The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 6th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE